UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:18-cv-2264-CEH-TGW

AUTUMNWOOD GROVE
CONDOMINIUM ASSOCIATION,

    Plaintiff,

vs.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT'S ANSWER AND DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, ("PHILADELPHIA"), hereby answers Plaintiff's Complaint as follows:

### I. JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted for jurisdictional purposes only.

4. Admitted.

5. Admitted that Plaintiff reported that the alleged loss occurred on September 20, 2013.

6. Denied.

7. Denied.

8. Admitted for jurisdictional purposes only.

## II. BREACH OF CONTRACT

9. Defendant, responds to Paragraphs 1 through 8 of the Plaintiff's Complaint as if fully set forth herein.

10. Admitted.

11. Admitted.

12. Denied as phrased.

13. Admitted.

14. Admitted.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied as phrased.

21. Admitted that Fla. Stat. §627.7074 speaks for itself.

22. Denied as phrased.

23. Admitted that the policy of insurance and Florida Statutes speak for themselves.

24. Admitted that the reports issued by the Neutral Evaluator speak for themselves.

25. Denied as phrased.

26. Admitted that the Florida Testing and Environmental Reports speak for themselves.

27. Admitted that the Florida Testing and Environmental Reports speak for themselves.

28. Denied as phrased.

29. Denied as phrased.

30. Admitted the cosmetic estimates speak for themselves.

31. Admitted.

32. Denied as phrased.

33. Denied.

34. Denied.

35. Denied. Plaintiff waited over seven months before reporting the claim.

36. Denied.

PHILADELPHIA denies that Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause, including all sub-parts, or any relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, asserts the following Defenses and Affirmative Defenses to the Plaintiff's Complaint:

1. The damages for which the Plaintiff seeks benefits in this lawsuit are not the result of a covered cause of loss under the subject policy issued by PHILADELPHIA. With regard to sinkhole losses, the "**FLORIDA – SINKHOLE LOSS COVERAGE**" **ENDORSEMENT** (IL 04 01 01 10) provides as follows:

> **Sinkhole Loss,** meaning loss or damage to Covered Property when structural damage to the building, including the foundation, is caused by settlement or systematic weakening of the earth supporting the building, only when such settlement or systematic weakening results from movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation.
>
> That the Plaintiff's "structural damage" is not the result of settlement or systematic

weakening resulting from movement or raveling of soils, sediments, or rock materials into subterranean voids created by the effect of water on a limestone or similar rock formation, therefore no coverage is afforded under the policy.

2. That the damages for which the Plaintiff seeks benefits in this lawsuit are the result of a cause of loss specifically excluded from coverage by the policy of insurance issued by PHILADELPHIA, therefore no coverage is afforded under the policy. Specifically, the policy (PI-ULT-084) **CAUSES OF LOSS FORM - CONDOMINIUMS** provides as follows:

> **B. Exclusions**
>
> > **1.** We will not pay for **"loss"** caused directly or indirectly by any of the following. Such **"loss"** is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **"loss"**
> >
> > \*\*\*
> >
> > **b. Earth Movement**
> > Any earth movement (other than sinkhole collapse or volcanic action, eruption, explosion or effusion), such as an earthquake, landslide, mine subsidence or earth sinking,

3. That the damages for which the Plaintiff seeks benefits in this lawsuit are the result of a cause of loss specifically excluded from coverage by the policy of insurance issued by PHILADELPHIA, therefore no coverage is afforded under the policy. Specifically, the policy (PI-ULT-084) **CAUSES OF LOSS FORM - CONDOMINIUMS** provides as follows:

> **B. Exclusions**
>
> > **2.** We will not pay for **"loss"** caused by or resulting from any of the following:
> > \*\*\*
> >
> > > **d.** (1) Wear and tear;
> > > (2) Rust, corrosion, fungus, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
> > > (3) Smog;

    **(4)** Settling, cracking, shrinking or expansion;

4. That the damages for which the Plaintiff seeks benefits in this lawsuit are the result of a cause of loss specifically excluded from coverage by the policy of insurance issued by PHILADELPHIA, therefore no coverage is afforded under the policy. Specifically, the policy (PI-ULT-084) **CAUSES OF LOSS FORM - CONDOMINIUMS** provides as follows:

**B. Exclusions**

3. We will not pay for **"loss"** caused by or resulting from any of the following. But if **"loss"** by a Covered Cause of Loss results, we will pay for that resulting **"loss."**

  **c.** Faulty, inadequate or defective:
  **(1)** Planning, zoning, development, surveying, siting;
  **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
  **(3)** Materials used in repair, construction, renovation or remodeling; or
  **(4)** Maintenance;

Of part or all of any property on or off the described premises.

5. That PHILADELPHIA has complied with all terms and conditions of the subject policy as well as applicable Florida Statutes regarding the investigation of the Plaintiff's claim.

6. The Plaintiff's claim is barred, in whole or in part, or must be reduced to the extent that the Plaintiff has failed to mitigate, minimize or avoid the alleged damages for which coverage is sought by delaying in reporting the claim.

7. That the Plaintiff failed to give prompt notice of the claim in violation of the **"Duties in The Event Of Loss Or Damage"** condition of the subject policy and therefore no coverage is afforded under the policy. Specifically, the Policy provides:

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

3. Duties in the Event of Loss

    a. You must see that the following are done in the event of "loss" to Covered Property:
        (1) Notify the police if a law may have been broken.
        (2) Give us prompt notice of the "loss". Include a description of th property involved.

8..    That the Plaintiff failed to provide documents in in violation of the "**Duties in The Event Of Loss Or Damage**" condition of the subject policy and therefore no coverage is afforded under the policy. Specifically, the Policy provides:

(2) As soon as possible:

    (a) Give us a description of how, when and where the "loss" occurred; and
    (b) Provide us with a copy of your most recent Condominium Association Agreement (such as, but not limited to, your master deed and your by-laws).

9.    That the parties have participated in Neutral Evaluation pursuant to Fla. Stat. 627.7074. The Neutral Evaluator agreed to by the parties, determined that sinkhole activity was not occurring at the property and therefore a "sinkhole loss" did not exist at the Plaintiff's property. Therefore, PHILADELPHIA claims all of the protections of Fla. Stat. 627.7074, and intends to admit the findings and conclusions of the Neutral Evaluator at trial.

PHILADELPHIA reserves its right to raise additional Defenses and Affirmative Defenses, if and when they become known during the pendency of this litigation.

## DEMAND FOR JURY TRIAL

Defendant, PHILADELPHIA, hereby demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25 day of October 2018, a true and correct copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic filing to counsel of record.

MICHAEL K. KIERNAN, ESQUIRE
FBN: 391964
HEATHER M. FLEMING, ESQUIRE
FBN: 25971
Traub Lieberman Straus
& Shrewsberry, LLP
P.O. Box 3942
St. Petersburg, FL 33731
(727) 898-8100 – Telephone
(727) 895-4838 – Facsimile
Attorney for Defendant PHILADELPHIA
*For service of court documents:*
ServiceMKiernan@traublieberman.com