**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUTUMNWOOD GROVE
COMMUNITY ASSOCIATION, INC.
Plaintiff,

v.                                                                          CASE NO.: 8:18-CV-2264-T-36TGW

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

        Defendant.
_____ /

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW (D.E. 18)**

      Plaintiff, AUTUMNWOOD GROVE COMMUNITY ASSOCIATION, INC. ("Autumnwood Grove"), by and through its undersigned counsel, files this Response in opposition to Defendant's ("PIIC") Motion for Protective Order and Incorporated Memorandum of Law [D.E. 18] and states as follows:

**I.    SUMMARY.**

      This is a breach of insurance contract case as a result of a reported Sinkhole Loss triggering Florida's sinkhole statutes 627.707, 627.7072, and 627.7073. The ultimate issue in this case is whether Autumnwood Grove's alleged damages were caused by a covered loss, *i.e.,* sinkhole loss or something else. Sinkhole Loss is a covered cause of loss under the policy. The Florida sinkhole statutes govern the investigation of sinkhole loss claims, including the testing standards for sinkhole loss claims and what is required to be in sinkhole loss reports. Florida Statute 627.7073(1)(c) also codifies a presumption that is relevant and material to Autumnwood Grove's case. Any violation of these statutes are relevant and material and Autumnwood Grove must be

1

allowed to complete discovery on these issues based on the facts and circumstances of Autumnwood Grove's claim. Therefore, PIIC's Motion for Protective order should be denied.

Furthermore, it appears PIIC is concerned that Autumnwood Grove's intention is to inquire regarding business practices in developing a bad faith case. Though Autumnwood Grove served a Civil Remedy Notice, Autumnwood Grove does not intend to establish a bad faith case during this breach of contract action. However, Autumnwood Grove is entitled to discuss the adjustment, facts, and circumstances of Autumnwood Grove's claim and why certain testing was or was not requested by PIIC or completed by its experts. Autumnwood Grove will not explore other claims. More unique than other first-party claims, Florida laws govern the investigation of Sinkhole Loss claim, including reporting requirements.

Lastly, PIIC's Motion is based on the argument of relevancy and PIIC is not seeking to protect the deponents because the discovery request is considered likely to oppress or impose an undue burden, protect trade secrets and similar confidential information, or that disclosure of such information might be harmful. Discovery pertaining to the statutory presumption under 627.7073(1)(c) and the burden of proof at trial to answer the ultimate question of whether or not the Community of Autumnwood Grove is damaged by sinkhole outweighs the balancing test when weighed against PIIC's relevancy argument.

**II.    BACKGROUND.**

This litigation concerns a claim for Sinkhole Loss at a thirty-nine-building community complex in Lakeland, Florida with a date of loss of September 20, 2013. Autumnwood Grove reported a claim for Sinkhole Loss to PIIC on or about May 19, 2014. Upon receipt of the claim, PIIC retained an independent adjuster, Troy Stonecipher with Engle Martin & Associates to inspect the property and document the damage. Troy Stonecipher documented stucco cracking to

the majority of the buildings, cracking to concrete patios and walkways, and multiple depressions at various locations throughout the property.

PIIC eventually retained a professional geological and engineering firm, Geohazards, Inc. ("Geohazards"), to complete an investigation and testing at the property.  Inspections and testing of various types were conducted at the property by Geohazards between December 2014 and September 2015. However, Geohazards did not complete testing sufficient to eliminate Sinkhole Loss as a cause of damage at the property as required by Florida Statutes. This fact was recently confirmed through the deposition testimony of the Geohazards' employees involved in the Autumnwood investigation and based on the reports provided.[1] Both Geohazards' employees who testified confirmed that Geohazards was not tasked with completing a statutory compliant sinkhole loss investigation and that the investigation completed was insufficient to allow them to eliminate sinkhole loss as a cause of damage at the property, or even at any one specific building in the complex.[2]

The parties have numerous additional depositions occurring in the coming weeks, including the depositions of PIIC's corporate representative and the independent adjuster who handled the claim on behalf of PIIC.  PIIC has filed a Motion for Protective Order seeking to preclude Autumnwood Grove from inquiring regarding PIIC's statutory investigation and adjustment of Autumnwood Grove's claim.  Through its Motion for Protective Order, PIIC is seeking to totally preclude any questions regarding the investigation or adjustment of Autumnwood Grove's claim, including whether PIIC and its retained experts complied with the Florida Statutes governing the investigation of sinkhole loss claims.

### III.    ARGUMENT

---

[1] See Exh B- Dep. Gerald Black P.55, ln 12-25; P.56, ln 1-16.
[2] See Exh. C – Dep. James Olson P.46, ln 8-25; P. 47, ln 1-21.

### A. AUTUMNWOOD GROVE IS ENTITLED TO DISCOVERY RELATING TO THE FACTS AND CIRCUMSTANCES OF ITS LOSS.

In its Motion for Protective Order, PIIC seeks to "preclude Plaintiff [Autumnwood Grove] from obtaining documents and information related to PIIC's claims handling practices, as such information is irrelevant and not discoverable in first-party breach of contract insurance disputes such as this." To be clear, none of this information has been provided to Autumnwood Grove. On September 30, 2019, Autumnwood Grove's counsel sent PIIC's counsel a letter ensuring Autumnwood Grove has no intention to conduct discovery into other claims and instead will focus on the dispute between the parties. A copy of this correspondence is attached as **Exhibit "A."** Notwithstanding, Autumnwood Grove is entitled to discovery relating to PIIC's handling of its claim. For example, Autumnwood Grove intends to ask PIIC's corporate representative why a statutory sinkhole investigation was never requested or completed as required by Florida Statute 627.7072—Testing Standards for Sinkholes:

> 627.7072 Testing standards for sinkholes.—The professional engineer and professional geologist shall perform such tests as sufficient, in their professional opinion, to determine the presence or absence of sinkhole loss or other cause of damage within reasonable professional probability and for the professional engineer to make recommendations regarding necessary building stabilization and foundation repair.

Autumnwood Grove will not inquire into whether PIIC has ever completed a statutory compliant sinkhole loss investigation on other claims and/or whether PIIC has a standard business practice in denying claims without meeting the legal standard in other claims. However, Autumnwood Grove must be allowed to ask why testing was not required and whether the testing was requested, but not completed. PIIC directed its adjuster and geological retained firms. Geohazards' representatives testified that PIIC dictated what testing to do and what testing not to do. Autumnwood Grove must be able to properly prepare for trial and inquiring into the basis of

why PIIC denied its claim is well within the bounds of discovery under Rule 26, including why certain testing was never requested despite being required under Florida law.

      **B.**    **PHILADELPHIA HAS NO STANDING OR BASIS TO TRY AND LIMIT AUTUMNWOOD GROVE'S DEPOSITION OF TROY STONECIPHER.**

In its Motion for Protective Order [D.E. 18] PIIC is attempting to limit the scope for Troy Stonecipher's deposition scheduled for October 29, 2019. Troy Stonecipher is not an employee of PIIC and instead acted as an independent adjuster during the adjustment of Autumnwood Grove's claim. Notwithstanding, PIIC is now objecting to Autumnwood Grove's request for Troy Stonecipher's file materials for this claim, a copy of his resume and/or curriculum vitae, a copy of his professional licenses, and all billing and invoices related to Autumnwood Grove's claim. Each of these requests is relevant and within the discovery parameters under Rule 26. PIIC's counsel does not represent Troy Stonecipher and there is simply no basis for objecting to the information requested, even if there was a representation agreement. Autumnwood Grove is not requesting any information relating to other claims that Troy Stonecipher was retained by PIIC. Hence, all of the case law cited by PIIC is not applicable. PIIC is attempting to confuse the Court by arguing Autumnwood Grove is asking for general claims handling information related to a bad faith case that is not yet ripe. This is not the case. Autumnwood Grove is requesting information that is directly relevant and applicable to its breach of contract case.

There is no basis for PIIC's objection to Troy Stonecipher's deposition notice and Autumnwood Grove respectfully requests this Court deny any request to limit the deposition.

      **C.**    **PIIC HAS NOT MET THE LEGAL STANDARD OF GOOD CAUSE BECAUSE AUTUMNWOOD GROVE'S INTERESTS IN OBTAINING CASE SPECIFIC DISCOVERY AND PREPARING FOR TRIAL IN THIS MATTER OUTWEIGH PIIC'S ARGUMENTS BASED ON RELEVANCY WHEN TAKING INTO ACCOUNT FLORIDA'S**

5

**STATUTORY REBUTTABLE PRESUMPTION AFTER A SINKHOLE INVESTIGATION, AND THE APPLICATION OF THE PRESUMPTION BY THE FLORIDA EVIDENCE CODE.**

The jury's decision of whether AUTUMNWOOD GROVE's insured property is damaged by sinkhole will be determined in part on Florida's statutory presumption for sinkhole claims found in Fla. Stat. 627.7073(1)(c), and how that presumption is applied will be determined by Florida's Evidence Code 93.303. S*ee Universal Insurance Company of North America v. Warfel*, 82 So. 3d 47 (Fla. 2012).

Florida's sinkhole statutes require insurance carriers to investigate a sinkhole loss in accordance Fla. Stat. 627.707 and Fla. Stat. 627.7072. Florida Statute 627.7073 provides the statutory framework of the carrier's compliance, and the results of the statutory investigation are presumed to be correct under Fla. Stat. 627.7073(1)(c).

In Florida when a sinkhole claim is filed and the insurance carrier is responsible for investigating the claim, the insurer *must* comply with Fla. Stat. 627.707. (*Emphasis added*)

> Upon receipt of a claim for a sinkhole loss to a covered building, an insurer must meet the following standards in investigating a claim:
>
> (1) The insurer must inspect the policyholder's premises to determine if there is structural damage that may be the result of sinkhole activity.
> (2) If the insurer confirms that structural damage exists but is unable to identify a valid cause of such damage or discovers that such damage is consistent with sinkhole loss, the insurer shall engage a professional engineer or a professional geologist to conduct testing as provided in s. 627.7072 to determine the cause of the loss within a reasonable professional probability and issue a report as provided in s. 627.7073, only if sinkhole loss is covered under the policy. Except as provided in subsections (4) and (6), the fees and costs of the professional engineer or professional geologist shall be paid by the insurer.

Fla. Stat. Ann. § 627.707 (West)

In the present case, it was confirmed that the insured property suffered structural damage, satisfying the first requirement of the statute. PIIC then proceeded to investigate the sinkhole claim under Fla. Stat. 627.7072 to determine if sinkhole is the cause of the damage. *Id*.

If PIIC complied with Fla. Stat. 627.7072 and denied the claim, then PIIC is entitled to the rebuttable presumption under Fla. Stat. 627.703(1)(c) that there is no sinkhole present. In the present case, PIIC denied the sinkhole claim and whether or not PIIC complied with the Statutory investigation of 627.703 is at the heart of the matter. Whether PIIC complied with Fla. Stat. 627.703 will determine whether or not Defendant will get the benefit of the statutory presumption that a sinkhole is not present pursuant to Fla. Stat. 627.7073(1)(c).

In order address these important legal issues, AUTUMNWOOD GROVE must be able to ask questions pertaining to PIIC's sinkhole claims investigation including the taking of depositions of adjusters hired by PIIC to perform it's claim investigation, deposition of PIIC's corporate representative with respect to sinkhole investigation, and records pertaining to PIIC's sinkhole investigation.

In *Warfel*, the Florida Supreme Court evaluated the jury instruction regarding the statutory presumption pursuant to Fla. Stat. 627.7073(1)(c) based on the insurance company's sinkhole investigation. *Id*. at 49. After considering the statutory presumption regarding sinkhole claims under Fla. Stat. 627.7073(1)(c), the Court concluded that absent clear language to the contrary, statutory presumptions are governed by Fla. Evid. Code 90.303 which codified the Thayer-Wigmore Rule; "Under the Thayer-Wigmore approach, "'once the opponent introduced evidence showing the non-existence of the presumed fact, *the presumption dropped out of the case*." *Id*. at 51, *citing to* 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* 5126 (2005); *See also In re Yorker Co*., 758 F.2d 1114, 1119 (6th Cir. 1985).

If PIIC did not comply with the statutory sinkhole investigation under Fla. Stat. 627.7073, then PIIC loses the statutory presumption under Fla. Stat. 627.7073(1)(c) and the presumption drops out of the case, the jury is never told of the presumption. PIIC's Motion for Protective order is aimed at excluding relevant evidence and testimony that is material to parties' burden of proof at trial. PIIC hopes that Plaintiff will not be able to obtain the necessary evidence proving PIIC is not entitled to the statutory presumption under Fla. Stat. 627.7073(1)(c) because PIIC did not perform its sinkhole investigation in accordance with the statutory requirement under Fla. Stat. 627.7073.

### A. Good Cause Standard

The law's basic presumption is that the public is entitled to every person's evidence. *See, e.g., Blackmer v. United States*, 284 U.S. 421, 438, 52 S.Ct. 252, 255, 76 L.Ed. 375 (1932); *1547 *Richards of Rockford v. Pacific Gas & Electric*, 71 F.R.D. 388, 389 (N.D.Cal.1976). *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546–47 (11th Cir. 1985). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See* Fed.R.Civ.P. 26(b)(1). *Id*.

While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of "good cause," the federal courts have superimposed a somewhat more demanding balancing of interests approach to the Rule. *See Dow Chemical Co. v. Allen,* 672 F.2d 1262, 1277–78 (7th Cir.1982); *Richards of Rockford, Inc. v. Pacific Gas & Electric Co.,* 71 F.R.D. 388, 389 (N.D.Cal.1976); *Wright v. Jeep Corp.,* 547 F.Supp. 871, 872–75 (E.D.Mich.1982); *Andrews v. Eli Lilly & Co.,* 97 F.R.D. 494, 497 (N.D.Ill.1983). Under that standard, the district court's duty was to balance P & G's interest in obtaining the names and addresses of the study participants against the Center's interest in keeping that information confidential. *Id*. at 1547.

In the present case, AUTUMNWOOD GROVE's need to rebut the statutory presumption under 627.7073(1)(c) by showing that PIIC did not comply with Fla. Stat. 627.7073 far outweighs PIIC's argument that the information is not relevant.  To the contrary, whether or not PIIC complied with the sinkhole statutory investigation is both relevant and material to the burden of proof in the case, and the jury instruction that will be used to render a verdict.

PIIC's blanket assertion that any discovery aimed at its sinkhole investigation is only proper in a bad faith cause of action under Fla. Stat. 624.155 is overreaching and without merit. Florida Statute 627.7073 is specific to the statutory requirement of the carrier's investigation of a sinkhole loss, and whether or not the carrier complied with said statute will determine the burden of proof at the trial specific to breach of contract.  In addition, AUTUMNWOOD GROVE is not seeking claims handling discovery of other claims or companywide claims handling standards. Furthermore, none of the cases cited by PIIC dealt with a sinkhole loss or the statutory presumption and burden of proof at trial.[3]   AUTUMNWOOD GROVE's discovery requests are limited to determining whether PIIC complied with the statutory investigation and not whether PIIC investigated the claim in good faith.

PIIC has failed to show any specific prejudice or harm will result if AUTUMNWOOD GROVE is entitled to discovery pertaining to whether PIIC performed the statutory sinkhole investigation, stating only that the discovery request is irrelevant and the information is not discoverable.[4]

For good cause to exist, as required to grant a protective order, the party seeking to limit the disclosure of discovery materials must show that specific prejudice or harm will result if no protective order is granted. U.S. Court of Federal Claims R. 26(c)(1). *Davita Healthcare Partners,*

---

[3] Defendant's Motion for Protective Order D.E. 18 at 6 – 13.
[4] Defendant's Motion for Protective Order D.E. 18 at 1.

*Inc. v. United States,* 131 Fed. Cl. 42 (2017). § 20:2.*Good cause requirement*, 2 Discovery Proceedings in Federal Court § 20:2 (3d ed.)

PIIC has also failed to show that specific examples that the deponents will suffer any type of oppression, undue harm, or undue burden if asked questions pertaining to PIIC's investigation of the sinkhole loss resulting in denial of same.

The party seeking a protective order on a motion for deposition by oral examination bears the burden of showing good cause; good cause requires a showing that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden, and thus, broad allegations of harm, unsubstantiated by specific examples, are insufficient to justify issuance of a protective order. U.S. Court of Federal Claims R. 26(c)(1), 30(b)(6). Anaheim Gardens v. United States, 125 Fed. Cl. 88 (2016). § 20:2.Good cause requirement, 2 Discovery Proceedings in Federal Court § 20:2 (3d ed.)

## IV.   **CONCLUSION**

PIIC's Motion for Protective order should be denied because it seeks to prevent AUTUMNWOOD GROVE from obtaining the necessary relevant evidence and material facts establishing the burden of proof at trial under Fla. Evid. Code 93.303 pertaining to the statutory presumption codified in Fla. Stat. 627.7073(1)(c).

PIIC's motion is based on the argument of relevancy, but it is both relevant and material for AUTUMNWOOD GROVE to conduct discovery as to the facts and circumstances that determine the burden of proof at trial.  Furthermore, PIIC is not seeking to protect the deponents because the discovery request is considered likely to oppress or impose an undue burden, protect trade secrets and similar confidential information, or that disclosure of such information might be harmful.

When balancing AUTUMNWOOD GROVE's need to rebut the statutory presumption favoring PIIC as to the ultimate issue of whether or not the loss was caused by a sinkhole compared to Defendant's argument that the information sought is not relevant, AUTUMNWOOD GROVE's needs outweigh PIIC's argument.  As a result, PIIC has not met the burden of establishing good cause and it's Motion for Protective must be denied.

WHEREFORE, for the reasons stated herein, AUTUMNWOOD GROVE, respectfully requests this court deny PIIC's motion for protective order, an all other relief the court deems just and proper.

Respectfully submitted this 2nd day of October, 2019.

**MERLIN LAW GROUP, P.A.**

By: */s/ Larry E. Bache, Jr.*
Larry E. Bache, Jr., Fla. Bar No.: 91304
Javier Delgado, Fla. Bar No.: 560146
Lucas B. Austin, Fla Bar No.: 50340
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
lbache@merlinlawgroup.com
laustin@merlinlawgroup.com
jdelgado@merlinlawgroup.com
uthomas@merlinlawgroup.com
Telephone: 813-229-1000
Facsimile: 813-229-3692
*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned Counsel for Plaintiff hereby certifies that a true and correct copy of the foregoing was served on the Counsel identified below pursuant to the Federal Rules of Civil Procedure on this 2nd day of October 2019.

**TRAUB LIEBERMAN STRAUS
& SHREWSBERRY, LLP**
Michael K. Kiernan, Esq.
Florida Bar No.: 391964
Heather M. Fleming, Esq.
Florida Bar No.: 25971
P.O. Box 3942
St. Petersburg, Florida 33731
Telephone: (727) 898-8100
Fax: (727) 895-4838
mkiernan@tlsslaw.com
hfleming@tlsslaw.com
***ATTORNEYS FOR DEFENDANT***

*/s/ Larry E. Bache, Jr.*
Larry E. Bache, Jr.