**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

AUTUMNWOOD GROVE
COMMUNITY ASSOCIATION, INC.
Plaintiff,

v.                                              CASE NO.: 8:18-CV-2264-T-36TGW


PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                    Defendant.
_____ /


**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR**
**PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW (D.E. 18)**


Plaintiff, AUTUMNWOOD GROVE COMMUNITY ASSOCIATION, INC.

("Autumnwood Grove"), by and through its undersigned counsel, files this Supplemental

Response in opposition to Defendant's ("PIIC") Motion for Protective Order and Incorporated

Memorandum of Law and states as follows:

1.      The deposition of John P. Kirby occurred in Trenton, New Jersey on October 3,

2019, with counsel for both parties present.

2.      A copy of the transcript from the videotaped deposition of John P. Kirby has been

attached hereto as **"Exhibit A."**

3.      Mr. Kirby had been designated by PIIC as its Corporate Representative in this

matter pursuant to Rule 30(b)(6).  See Defendant's Amended Notice of Designation Pursuant to

Rule 30(b)(6) attached hereto as **"Exhibit B."**


1

4. Throughout the deposition, counsel for PIIC objected to various lines of questioning based on the arguments set forth in PIIC's Motion for Protective Order and Incorporated Memorandum of Law which is pending before this Court. *See* **"Exhibit A."**

5. Examples of the topics and lines of questioning to which PIIC's counsel objected and refused to let Mr. Kirby answer are set forth below, and additional examples can be discussed at the hearing if needed:

    a. Whether PIIC retained Geohazards to complete sinkhole investigations on each of the buildings at the Autumnwood Grove property. (Kirby Dep. 35:24-37:17)

    b. The facts surrounding why no coverage letter was ever issued. (Kirby Dep. 34:2-24)

    c. The facts surrounding the apparent decision by PIIC to adopt the conclusions of the neutral evaluator. (Kirby Dep. 50:22-55:5)

    d. The scope of the assignment made to Geohazards as part of the claim investigation. (Kirby Dep. 37:10-17, 39:20-25, 97:24-98:6)

    e. Whether PIIC ever requested that statutorily compliant sinkhole testing be performed at the Autumnwood Grove property. (Kirby Dep. 39:12-25)

    f. Whether PIIC believes that statutorily compliant testing is required to determine if Autumnwood Grove suffered a sinkhole loss. (Kirby Dep. 101:23-102:3)

    g. Whether PIIC controlled the scope of Geohazards' investigation. (Kirby Dep. 109:16-21)

    h. Whether PIIC believes or believed that Geohazards completed a statutorily compliant investigation. (Kirby Dep. 110:4-8)

i.    Whether PIIC ever authorized Geohazards to do the testing necessary to determine the presence of sinkhole loss. (Kirby Dep. 175:13-17)

j.    Whether PIIC has ever provided Autumnwood Grove with a report that complies with Florida Statute 627.7073. (Kirby Dep. 176:3-8)

6.    As set forth in more detail in Plaintiff's Response to Defendant's  Motion for Protective Order and Incorporated Memorandum of Law, these lines of questions are especially important in this matter given that Autumnwood Grove's claim was for sinkhole loss.

7.    Florida Statutes set forth in detail the standards an insurer MUST meet in investigating a claim for sinkhole loss. §627.707, Fla. Stat. (2014).

8.    Florida Statutes also control the testing standards for sinkholes and what information and certifications are required to be included in sinkhole reports.  §627.7072, Fla. Stat. (2014) and §627.7073, Fla. Stat. (2014).

9.    Through its use of its Motion for Protective Order and liberal assertion of its "claims handling" privilege, PIIC is attempting to have the Court eliminate any requirement to complete a statutorily compliant sinkhole loss investigation.

10.    PIIC should not get to choose which Florida Statutes it is required to comply with when investigating a claim for sinkhole loss, and should not be able to look to the Court to protect it from its failure to complete even the minimum investigation necessary to investigate Autumnwood Grove's sinkhole loss claim.

11.    The granting of PIIC's Motion for Protective Order in full would render the Florida sinkhole statutes and the requirements set forth therein completely irrelevant, and indicate that PIIC, and other carriers, could ignore the statutes at will without ever having to answer for, or even explain, their actions.

12.     Further, the deposition of John Kirby makes clear that Autumnwood Grove has no intention of exploring other claims which have been handled by PIIC.

13.     Autumnwood Grove only seeks to discuss the adjustment, facts, and circumstances of Autumnwood Grove's claim and why certain testing was or was not requested by PIIC or completed by its experts.

WHEREFORE, for the reasons stated herein and in the previously filed Response to Defendant's Motion for Protective Order, Autumnwood Grove respectfully requests this court deny PIIC's motion for protective order, set conditions for the continued deposition of John P. Kirby, award fees and costs associated with the continued deposition to Autumnwood Grove, and award all other relief the court deems just and proper.

Respectfully submitted this 25th day of October, 2019.

**MERLIN LAW GROUP, P.A.**

By:  */s/ Larry E. Bache, Jr.*
Larry E. Bache, Jr., Fla. Bar No.: 91304
Javier Delgado, Fla. Bar No.: 560146
Lucas B. Austin, Fla Bar No.: 50340
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
lbache@merlinlawgroup.com
laustin@merlinlawgroup.com
jdelgado@merlinlawgroup.com
uthomas@merlinlawgroup.com
Telephone: 813-229-1000
Facsimile: 813-229-3692
***ATTORNEYS FOR PLAINTIFF***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Counsel for Plaintiff hereby certifies that a true and correct copy of the foregoing was served on the Counsel identified below pursuant to the Federal Rules of Civil Procedure on this 25th day of October 2019.

**TRAUB LIEBERMAN STRAUS**
**& SHREWSBERRY, LLP**
Michael K. Kiernan, Esq.
Florida Bar No.: 391964
Heather M. Fleming, Esq.
Florida Bar No.: 25971
P.O. Box 3942
St. Petersburg, Florida 33731
Telephone: (727) 898-8100
Fax: (727) 895-4838
mkiernan@tlsslaw.com
hfleming@tlsslaw.com
***ATTORNEYS FOR DEFENDANT***

/s/ Larry E. Bache, Jr.
Larry E. Bache, Jr.

5